NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1122

C. RYAN HAYGOOD

VERSUS

LOUISIANA STATE BOARD OF DENTISTRY

Judgment Rendered: **APR 1 6 2021**

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. C691514

The Honorable Timothy E. Kelley, Judge Presiding

\*\*\*\*\*\*\*\*

Scott L. Zimmer
Shreveport, Louisiana
Georgia N. Ainsworth
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
C. Ryan Haywood


Lawrence W. Pettiette, Jr.
Joseph S. Woodley
Marshall Perkins
Shreveport, Louisiana

Counsel for Defendant/Appellee
Louisiana State Board of Dentistry

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

Guidry, J. Concurs.

McClendon, J. Concurs.

**LANIER, J.**

The plaintiff/appellant, C. Ryan Haygood ("Dr. Haygood"), appeals the granting of summary judgment by the Nineteenth Judicial District Court in favor of the defendant/appellee, Louisiana State Board of Dentistry ("the Board"), and the dismissal of Dr. Haygood's petition for declaratory judgment with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Dr. Haygood, who was issued a license to practice dentistry in Louisiana on May 25, 2001, opened a dental practice in the Shreveport/Bossier City area shortly afterward. In 2006, the Board commenced an investigation of Dr. Haygood after receiving complaints suggesting potential violations of the Dental Practices Act.[1] The Board subsequently filed a complaint against Dr. Haygood and initiated administrative proceedings against him.

On November 8, 2010, the Board found Dr. Haygood guilty of various violations of the Dental Practices Act and revoked Dr. Haygood's license. Dr. Haygood ultimately appealed the Board's decision to the Louisiana Fourth Circuit Court of Appeal, which vacated and remanded the Board's decision due to the improper merging of prosecutorial and judicial roles.[2] See *Haygood v. Louisiana State Bd. Of Dentistry*, 2001-1327 (La. App. 4 Cir. 9/26/12), 101 So.3d 90, writ denied, 2012-2333 (La. 12/14/12), 104 So.3d 445.

On July 9, 2016, prior to the commencement of the hearing on remand, Dr. Haygood and the Board entered into a consent decree, which Dr. Haygood signed with the advice of counsel. The consent decree contained a "nondisparagement" clause, which stated, in pertinent part:

---

[1] La. R.S. 37:751, *et seq.*

[2] The Board's decision came in the form of two separate judgments. Dr. Haygood timely appealed both judgments, and the Fourth Circuit consolidated the appeals.

2

As consideration for this [consent decree]... Dr. Haygood shall not, directly or indirectly, himself or through others, publish or make any disparaging or critical remarks verbally or in writing about the Board or any of the Board Parties for any activities occurring prior to the date the President signs this [consent decree] on behalf of the Board.

Dr. Haygood made all payments of fines and costs in accordance with the consent decree.

On April 4, 2018, Dr. Haygood testified before the Louisiana Legislature regarding his case before the Board. This testimony was in conjunction with the introduction of Senate Bill 29, which sought to prohibit nondisparagement agreements between professional licensing boards and licensees. The bill was enacted into law as La. R.S. 37:23.3 and became effective on August 1, 2019.

In response to Dr. Haygood's testimony before the Louisiana Legislature, the Board notified Dr. Haygood that disciplinary proceedings would be brought against him; however, the charges were dismissed by the Board prior to the March 8, 2019 disciplinary hearing. After the disciplinary charges were dismissed, Dr. Haygood demanded that the consent decree be rescinded, but the Board refused to do so.

On December 5, 2019, Dr. Haygood filed a petition for declaratory judgment, seeking that the consent decree be declared absolutely null, as being in derogation of law and public interest. Dr. Haygood also claimed that the consent decree should be rescinded due to his signing it under duress.

The Board filed a motion for summary judgment and a declinatory exception raising the objection of lis pendens on February 6, 2020.[3] In seeking summary judgment, the Board claimed summary judgment was proper as to Dr. Haygood's claim regarding the non-disparagement clause because the presence of a severability clause in that document is fatal to his claim. The board claimed that

---

[3] The exception of lis pendens is in regard to another lawsuit for damages that Dr. Haygood filed against the Board and other parties in the First Judicial District Court. This exception has not been adjudicated and is not before this court.

3

summary judgment is also warranted on the claim of duress because the consent decree acknowledges Dr. Haygood was represented by counsel when negotiating its terms, and he accepted those terms freely.

After a hearing, the district court signed a judgment on August 6, 2020, which granted summary judgment in favor of the Board and dismissed Dr. Haygood's petition with prejudice. Dr. Haygood has appealed that judgment.

## ASSIGNMENTS OF ERROR

Dr. Haygood has raised eight assignments of error, each dealing with the appropriateness of the summary judgment. He states that the district court erred in granting the summary judgment because: there was inadequate time for discovery, there was inadequate evidence presented by the Board, there was a genuine issue of material fact, there were credibility determinations made by the district court, the district court should have found La. R.S. 37:23.3 applied retroactively, Dr. Haygood's representation by legal counsel is not solely dispositive of the issue of duress, and the district court should have found duress rescinded the consent decree.

## STANDARD OF REVIEW

Summary judgment is subject to *de novo* review on appeal, using the same standards applicable to the trial court's determination of the issues. *Neighbors Federal Credit Union v. Anderson*, 2015-1020 (La. App. 1 Cir. 6/3/16), 196 So.3d 727, 733. The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. La. C.C.P. art. 966(A)(2); *Neighbors*, 196 So.3d at 733. Its purpose is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents

4

show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(D)(1).

## DISCUSSION

Dr. Haywood argues in his brief that due to emergency orders issued by the governor of Louisiana, which suspended the legal deadlines for discovery, Dr. Haygood was deprived of an adequate opportunity to conduct discovery in conjunction with the motion for summary judgment.[4] We disagree. Based on the governor's proclamation of March 16, 2020, all legal deadlines were suspended until April 13, 2020. On April 30, 2020, legal deadlines were again suspended until May 15, 2020. The deadlines were again suspended until June 5, 2020, then to June 15, 2020.[5]

Due to these suspensions, the hearing on the motion for summary judgment, originally set for May 4, 2020, was continued to July 27, 2020. Dr. Haygood had approximately three extra months to conduct discovery. While the deadline to

---

[4] See Proclamation Number JBE 2020-30.

[5] See Proclamation Numbers 52 JBE 2020, 59 JBE 2020, 75 JBE 2020, 84 JBE 2020, and 97 JBE 2020.

conduct discovery was extended, Dr. Haygood was not physically prevented from conducting discovery. Furthermore, Dr. Haygood failed to file a motion for continuance of the hearing on the motion for summary judgment based on inadequate time to conduct discovery. We find Dr. Haygood's period to conduct discovery in connection with the motion for summary judgment to be more than adequate, and the Board's motion should not be dismissed for prematurity.

Dr. Haygood claimed that at the time he signed the consent decree, he was under emotional and financial duress, which he argued vitiated his consent and made the consent decree absolutely null. Consent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation. La. C.C. art. 1959. Generally, "duress" means a threat of harm made to compel a person to do something against his or her will or judgment or more specifically, a wrongful threat made by one person to compel a manifestation of seeking assent by another person to a transaction without real volition. *M.P.W. v. L.P.W.*, 2013-0366 (La. App. 1 Cir. 11/1/13), 136 So.3d 37, 45.

Dr. Haygood argued that the mere fact that he was represented by legal counsel does not defeat his allegation that he signed the consent decree under duress. The trial court made note of this in its oral reasons. Age, health, disposition, and other personal circumstances of a party must be taken into account in determining the reasonableness of the fear. La. C.C. art. 1959; *Monterrey Center, LLC v. Education Partners, Inc.*, 2008-0734 (La. App. 1 Cir. 12/23/08), 5 So.3d 225, 230. Dr. Haygood is a college graduate and a dental school graduate. He has worked in a hospital in North Carolina and taught at UNC School of Dentistry in Chapel Hill. He then opened a successful dentistry practice in the Shreveport-Bossier City area. Due to his high level of education, we note that Dr.

Haygood would have been able to adequately understand the terms of the consent decree, with or without legal counsel assisting him.

Despite his claim that he was under considerable financial duress at the time he signed the consent decree, Dr. Haygood admitted in his petition that he paid all the fines and costs in full. Dr. Haygood also claimed that he was under severe emotional duress knowing that the Board would have deprived him once again of due process if he refused to sign the consent decree and proceeded to another hearing. However, we note that is a speculative allegation on Dr. Haygood's part. The Fourth Circuit had already ruled that the Board's general counsel could not assume both the prosecutorial and judicial role at its hearings, effectively curing the due process defect of which Dr. Haygood complained.

We find that Dr. Haygood, while perhaps in a stressful situation, did not experience duress to the point that he could not have given his consent to sign the consent decree. Due to his own level of sophistication, his financial ability to pay the fines and costs, and the option given to him to sign the consent decree or proceed to a hearing that would have been governed by the Fourth Circuit's order, Dr. Haygood did not have a reasonable fear of unjust or considerable injury to his person, property, or reputation. Therefore, the consent decree is not null due to the vice of duress.

Dr. Haygood also claimed that La. R.S. 37:23.3 should be applied retroactively, and therefore the nondisparagement clause of the consent decree should be rendered null and void. Louisiana Revised Sthatutes, 37:23.3 states, in pertinent part:

> A. No professional or occupational licensing board or commission shall:
>
>> (1) Enter into a consent decree with a licensee, permitee, or certificate holder if such decree contains a nondisparagement clause. Such a nondisparagement clause

contained in a consent decree is contrary to public policy of this state and shall be null, void, and unenforceable.

(2) Initiate disciplinary action against a licensee, permitee, or certificate holder for providing testimony or records to a legislative body.

Substantive laws establish new rules, rights, and duties or change existing ones; procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. *Segura v. Frank*, 630 So.2d 714, 723, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165 (1994). Louisiana Revised Statutes 37:23.3 established a new rule and duty upon the Board to not enter into nondisparagement clauses or discipline a licensee for testifying before the state legislature, as Dr. Haygood did. The statute is therefore substantive in nature. In the absence of contrary legislative expression, substantive laws apply prospectively only. La. C.C. art. 6. Furthermore, a law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. *Segura*, at 721.

Since La. R.S. 37:23.3 has no explicit language about retroactive application, it is not a retroactive law. Also, since a retroactive application would have a direct effect on the obligations that Dr. Haygood and the Board agreed to in the consent decree, it cannot be applied retroactively for that reason. Therefore, the consent decree is not void due to the subsequent enactment of La. R.S. 37:23.3.

Dr. Haygood argued that the district court made improper credibility determinations in granting summary judgment in favor of the Board, which would be improper. See *Independent Fire Ins. Co. v. Sunbeam Corp.*, 1999-2181 (La. 2/29/00), 755 So.2d 226, 236. In its oral reasons for judgment, the district court initially pointed out that it appeared Dr. Haygood was attempting to reverse the outcome of the disciplinary proceedings by attacking the consent decree. This was simply the district court's assessment of the evidence, not the weighing of

8

evidence. At no time did the district court comment that one piece of evidence was more or less credible than another.

The district court went on to state that at the time the consent decree was signed, no law prohibiting nondisparagement clauses existed. The district court then stated that Dr. Haygood was represented by counsel when he signed the consent decree. Nothing stated by the district court was an opinion on the weight of evidence introduced at the hearing. The district court objectively stated undisputed facts in the record, then applied the law to them. We disagree with Dr. Haygood that the district court made improper credibility determinations in ruling on the motion for summary judgment.

The district court found that the nondisparagement clause was not prohibited by law at the time the consent decree was signed, and that duress did not vitiate Dr. Haygood's consent to sign the consent decree. The Board had satisfied its burden of proving that it was entitled to summary judgment as a matter of law. Dr. Haygood did not provide sufficient evidence to prove that a genuine issue of material fact existed in the instant case. The Board is therefore entitled to summary judgment in its favor.

## DECREE

The judgment of the Nineteenth Judicial District Court, granted summary judgment in favor of the Louisiana State Board of Dentistry and dismissing Dr. C. Ryan Haygood's petition for declaratory judgment with prejudice, is affirmed. All costs in the instant appeal are assessed to Dr. Haygood.

**AFFIRMED.**

9